IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDHIR MOUN, *Petitioner,* v. MICHAEL T. ROSE, et al., *Respondents.* | CIVIL ACTION NO. 26-188 |

## ORDER

**AND NOW**, this 26th day of January, 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Opposition, (Dkt. No. 3), it is hereby **ORDERED** that the Motion, (Dkt. No. 1), is **GRANTED** as follows:

1. **Moun is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    Randhir Moun fled India in 2024 to seek asylum in the United States and crossed the border into this country on or about May 1, 2024. (Pet. ¶ 24–25, Dkt. No. 1.) Immigration officials detained Moun, released him the next day, and required him to attend routine check-ins with ICE. (*Id.* ¶ 25.) They also began removal proceedings against Moun, and soon after he filed an asylum application with the Immigration Court. (*Id.*) DHS officials arrested Moun at his home in Philadelphia on January 7, 2026. (*Id.* ¶ 27.) Moun is currently detained at the Federal Detention Center, (*Id.* ¶ 28), and has not received a bond hearing, *see* (*Id.* ¶ 32).

   Moun filed a federal *habeas* petition on January 12, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act and due process. He seeks release from detention and a bond hearing. *See* (Pet. at 21–27). The Government argues the Court lacks jurisdiction and, even if it had jurisdiction, noncitizens in this country like Moun are subject to mandatory detention under the INA. *See* (Gov't Resp. in Opp'n at 1–2, Dkt. No. 3). The Court disagrees on both counts.

    First, as the Government points out, "[t]he vast majority of courts—including all decisions in this district (more than 100 to date)—have rejected the government's position." *See* (*Id.* 1–2 & n.1 (collecting cases)). As Judge Diamond found, several hundred district courts have considered similar allegations as here, and almost all have rejected the Government's position. *See generally Demirel v. Fed. Detention Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025). Moun's detention is discretionary—not mandatory—under 8 U.S.C. § 1226(a) and not § 1225(b) for similar reasons. *See id.*

2. All claims against Pamela Jo Bondi and Kristi Noem are **DISMISSED**.[2]

3. **On or before February 2, 2026**, the Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Moun with a bond hearing in accordance with 8 U.S.C. § 1226(a).

4. Should the Immigration Judge deny bond, the Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Moun the opportunity to appeal to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

"In these circumstances, the law is clear: The Government detained [Moun] pursuant to § 1226(a), which allows him to seek bond at a hearing before an [Immigration Judge].'" *Id.*, at *5 (citation modified). Given that basis, the Court need not address Moun's APA and due process claims.

[2] "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). The proper respondents are the officials who can effectuate Moun's release. *See Demirel*, 2025 WL 3218243, at *2. But Attorney General Pam Bondi and Secretary of Homeland Security Kristi Noem are "remote supervisory official[s]," *Padilla*, 542 U.S. at 435, so the Court dismisses them as Respondents.